

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Stawairski v. Summit Hill

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4832

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Stawairski v. Summit Hill" (2008). *2008 Decisions.* Paper 1666.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1666

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4832
_____

STEPHEN STAWAIRSKI AND SUMMERLEE STAWAIRSKI,

Appellants

v.

BOROUGH OF SUMMIT HILL,

Appellee

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
No: 06-cv-0668
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 3, 2008

Before: FUENTES, JORDAN, Circuit Judges, and DUBOIS,* District Judge.

(Opinion Filed: January 30, 2008)

_____

* Honorable Jan E. DuBois, Senior District Judge for the United States District Court of
the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>.

The Stawairskis, appellants in this action, are owners of a parcel of land in Summit Hill, Pennsylvania. In March 2001, they leased the land to a corporation, SBA Properties, Inc. ("SBA"), permitting SBA to place a cell tower on the property. Thereafter, SBA filed a zoning application in order to place the cell tower on the Stawairskis' land. The zoning application was denied on May 25, 2001 and the appeal was denied on August 1, 2001.[1] On February 11, 2005, the Stawairskis filed a complaint, alleging that Summit Hill violated their substantive due process rights pursuant to 42 U.S.C. § 1983 by preventing them from using their property for the placement of a cell tower.

We affirm substantially for the reasons set forth in the District Court's well-reasoned opinion. The District Court granted Summit Hill's motion to dismiss the Stawairskis' substantive due process claim, finding the claim to be time barred.[2] We exercise plenary review over a district court's dismissal of claims pursuant to Rule

---

[1] In addition, Summit Hill amended its zoning ordinance regulating cell towers on December 10, 2001, to limit the placement of cell towers to government-owned land. Summit Hill then rezoned a parcel of its own property for cell tower use and, on July 29 2002, leased that property to Atlas Tower Network, Inc. ("Atlas") to install a cell tower on the land. On May 12, 2003, a zoning permit was issued for the land leased by Atlas.

[2] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

12(b)(6).  <u>Edgar v. Avaya, Inc.</u>, 503 F.3d 340, 344 (3d Cir. 2007).  In Pennsylvania, the statute of limitations for a § 1983 claim alleging a violation of substantive due process is two years.  <u>Sameric Corp. of Delaware, Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998).  A cause of action accrues under § 1983 when the plaintiff "knew or should have known of the injury upon which its action is based."  <u>Id.</u>  The Stawairskis' complaint was untimely because they were on notice of the fact that they could not put a cell tower on their property, the injury they complain of, from the time SBA's zoning application was denied, on May 25, 2001, but did not file their complaint until February 11, 2005.[3]

---

[3]  The District Court correctly found that the plaintiffs' appeal of the original zoning decision tolled the statute of limitations until August 1, 2001.  The tolling does not make the plaintiffs' action timely.